**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**SAMUEL & STEIN**
David Stein (DS 2119)
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884
dstein@samuelandstein.com

**LAW OFFICES OF VINCENT S. WONG**
Vincent S. Wong (VW 9016)
39 East Broadway, Suite 306
New York, NY 10002
(212) 349-6099
vswlaw@gmail.com

Attorneys for Plaintiffs, Individually
and on behalf of all others similarly
situated

| | |
|---|---|
| Guang Ping Zhu and Chi How Cheung, on behalf of themselves and all other persons similarly situated, | DOCKET NO. 16-cv-5767 |
| Plaintiffs, | **COMPLAINT** |
| - vs. - | |
| A Plus Kitchen Inc., "John Doe" Zheng, and John Does #1-10, | |
| Defendants. | |

Plaintiffs Guang Ping Zhu and Chi How Cheung, by and through their undersigned attorneys, for their complaint against defendants A Plus Kitchen Inc., "John Doe" Zheng, and John Does #1-10, allege as follows, on behalf of

themselves and on behalf of all other persons similarly situated:

## NATURE OF THE ACTION

1.   Plaintiffs Guang Ping Zhu and Chi How Cheung allege on behalf of themselves and on behalf of other similarly situated current and former employees of defendants A Plus Kitchen Inc., "John Doe" Zheng, and John Does #1-10, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are entitled to: (i) compensation for wages paid at less than the statutory minimum wage, (ii) unpaid wages from defendants for overtime work for which they did not receive overtime premium pay as required by law, and (iii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because defendants' violations lacked a good faith basis.

2.   Mr. Zhu and Mr. Cheung further complain that they are entitled to (i) compensation for wages paid at less than the statutory minimum wage, (ii) back wages for overtime work for which defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations, (iii) compensation for defendants' violations of the "spread of hours" requirements of New

York Labor Law, (iv) compensation for defendants' violation of the Wage Theft Prevention Act, (v) compensation for unlawful deductions consisting of defendants' failure to reimburse them for their "tools of the trade," and (vi) liquidated damages pursuant to New York Labor Law for these violations.

## THE PARTIES

3.    Plaintiffs Mr. Zhu and Mr. Cheung are adult individuals residing in New York, New York.

4.    Mr. Zhu and Mr. Cheung consent in writing to be parties to this action pursuant to 29 U.S.C. § 216(b); their written consents are attached hereto and incorporated by reference.

5.    Upon information and belief, defendant A Plus Kitchen Inc. is a New York corporation with a principal place of business at 84 Eldridge Street, New York, New York.

6.    At all relevant times, defendant A Plus Kitchen has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

7.   Upon information and belief, at all relevant times, defendant A Plus Kitchen has had gross revenues in excess of $500,000.00.

8.   Upon information and belief, at all relevant times herein, defendant A Plus Kitchen has used goods and materials produced in interstate commerce, and has employed at least two individuals who handled such goods and materials.

9.   Upon information and belief, at all relevant times, defendant A Plus Kitchen has constituted an "enterprise" as defined in the FLSA.

10.  Upon information and belief, defendant "John Doe" Zheng, an individual whose first name is unknown, is an owner or part owner and principal of A Plus Kitchen, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

11.  Defendant "John Doe" Zheng was involved in the day-to-day operations of A Plus Kitchen and played an active role in managing the business.

12.  Specifically, "John Doe" Zheng, who plaintiffs knew only as "Mr. Zheng," hired plaintiffs, set their wages and work schedules, and paid them each payday.

13.  Upon information and belief, defendants John Does #1-10 represent the other owners, officers, directors,

members, and/or managing agents of the defendants, whose identities are unknown at this time, who participated in defendants' day-to-day operations, who have the power to hire and fire employees, set wages and schedules, and retain their records, and who constitute "employers" pursuant to the FLSA, New York Labor Law, and federal and state implementing regulations.

14. Defendants constituted "employers" of plaintiffs as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

16. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because defendants' business is located in this district.

## COLLECTIVE ACTION ALLEGATIONS

17. Pursuant to 29 U.S.C. § 206 and § 207, plaintiffs seek to prosecute their FLSA claims as a collective action

on behalf of a collective class of persons defined as follows:

> All persons who are or were formerly employed by defendants in the United States at any time since July 8, 2013, to the entry of judgment in this case (the "Collective Action Period"), who were tipped restaurant employees, and who were not paid statutory minimum wages and/or overtime compensation at rates at least one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

18. The Collective Action Members are similarly situated to plaintiffs in that they were employed by defendants as tipped restaurant workers, and were denied payment at the statutory minimum wage and/or were denied premium overtime pay for hours worked beyond forty hours in a week.

19. They are further similarly situated in that defendants had a policy and practice of knowingly and willfully refusing to pay them the minimum wage or overtime.

20. The exact number of such individuals is presently unknown, but is known by defendants and can be ascertained through appropriate discovery.

## FACTS

21. At all relevant times herein, defendants owned and operated a Chinese restaurant in New York.

22.  Mr. Zhu was employed by defendants from approximately August 2014 through December 2015.

23.  Mr. Cheung was employed by defendants from roughly July 2015 through March 2016.

24.  Plaintiffs were employed as delivery people.

25.  Plaintiffs' work was performed in the normal course of defendants' business and was integrated into the business of defendants, and did not involve executive or administrative responsibilities.

26.  At all relevant times herein, plaintiffs were employees engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

27.  Each plaintiff regularly worked six days per week, with Mr. Zhu's off day generally being Saturday and Mr. Cheung's being Monday.

28.  Each plaintiff worked five full days of 10½ to 11½ hours each, and one half day of 5½ hours.

29.  As a result, each plaintiff generally worked 62 hours per week each week of his employment with defendants.

30.  Defendants did not provide a time clock, sign in sheet, or any other method for employees to track their time worked.

31. Plaintiffs were each paid fixed monthly salaries, with their respective pay not varying regardless of the precise number of hours that they worked each week or month.

32. Mr. Zhu was paid $1,200 per month, while Mr. Cheung was paid $1,000 per month.

33. As a result, each plaintiff's effective rate of pay was always below the statutory federal and state minimum wages in effect at relevant times.

34. In addition to their pay, plaintiffs generally received tips for their work.

35. However, defendants never provided plaintiffs with any notices or information regarding the "tip credit" and had no agreement in place with them regarding a tip credit.

36. Upon information and belief, defendants did not keep accurate records of the tips received by plaintiffs.

37. Defendants' failure to pay plaintiffs an amount at least equal to the federal or New York state minimum wages in effect during all relevant time periods was willful, and lacked a good faith basis.

38. Plaintiffs were paid in cash, and did not receive any paystubs or wage statements with their pay.

39.   In addition, defendants failed to pay plaintiffs any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

40. Defendants' failure to pay plaintiffs the overtime bonus for overtime hours worked was willful, and lacked a good faith basis.

41.   Plaintiffs worked five shifts per week that lasted in excess of ten hours from start to finish, yet defendants willfully failed to pay them one additional hour's pay at the minimum wage for each such day they worked shifts lasting longer than ten hours, in violation of the New York Labor Law and the supporting New York State Department of Labor regulations.

42. Defendants failed to provide plaintiffs with written notices providing the information required by the Wage Theft Prevention Act – including, *inter alia*, defendants' contact information, their regular and overtime rates, and intended allowances claimed – and failed to obtain their signatures acknowledging the same, upon their hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

43. Defendants failed to provide plaintiffs with weekly records of their compensation and hours worked, in violation of the Wage Theft Prevention Act.

44. In addition, plaintiffs were required to supply their own vehicles – mopeds – for the purpose of making deliveries.

45. However, although plaintiffs incurred expenses for maintaining and operating these mopeds, defendants never reimbursed plaintiffs for those expenses.

46. Upon information and belief, throughout the period of plaintiffs' employment, both before that time (throughout the Collective Action Period) and continuing until today, defendants have likewise employed other individuals like plaintiffs (the Collective Action Members) in positions at defendants' restaurant that required little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

47. Upon information and belief, these other individuals have worked in excess of forty hours per week, yet defendants have likewise failed to pay them (1) the minimum wage, or (2) overtime compensation of one-and-one-half times their regular hourly rate in violation of the FLSA and the New York Labor Law.

48.   Upon    information    and    belief,    these    other
individuals were not paid a "spread of hours" premium on
days when they worked shifts lasting in excess of ten hours
from start to finish.

49.   Defendants    violated    the    frequency    of    pay
requirements of New York Labor Law § 191 by paying
plaintiffs and these other individuals monthly.

50.   Defendants' policy of paying plaintiffs and these
other  individuals  on  a  monthly  basis  rather  than  on  an
hourly basis also violated 12 N.Y.C.R.R. § 146-2.5.

51.   Upon    information    and    belief,    these    other
individuals also incurred expenses for their "tools of the
trade" that were not reimbursed by defendants.

52.   Upon    information    and    belief,    these    other
individuals were not provided with required wage notices or
accurate  weekly  wage  statements  as  specified  in  New  York
Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention
Act.

53.   Upon    information    and    belief,    while    defendants
employed plaintiffs and the Collective Action members, and
through  all  relevant  time  periods,  defendants  failed  to
maintain  accurate  and  sufficient  time  records  or  provide
accurate records to employees, and failed to post or keep

posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

### COUNT I

### (Fair Labor Standards Act – Minimum Wage)

54. Plaintiffs, on behalf of themselves and all Collective Action Members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

55. At all relevant times, defendants employed plaintiffs and the Collective Action Members within the meaning of the FLSA.

56. Defendants failed to pay a salary greater than the minimum wage to plaintiffs and the Collective Action Members for all hours worked.

57. As a result of defendants' willful failure to compensate plaintiffs and the Collective Action Members at a rate at least equal to the federal minimum wage for each hour worked, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 206.

58. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

59.  Due  to  defendants'  FLSA  violations,  plaintiffs
and  the  Collective  Action  Members  are  entitled  to  recover
from  defendants  their  unpaid  compensation  plus  liquidated
damages,  interest,  reasonable  attorneys'  fees,  and  costs
and  disbursements  of  this  action,  pursuant  to  29  U.S.C.  §
216(b).

### COUNT II

### (New York Labor Law – Minimum Wage)

60.  Plaintiffs  repeat,  reallege,  and  incorporate  by
reference  the  foregoing  allegations  as  if  set  forth  fully
and  again  herein.

61.  At  all  relevant  times,  plaintiffs  were  employed
by  defendants  within  the  meaning  of  the  New  York  Labor  Law,
§§  2  and  651.

62.  Defendants  willfully  violated  plaintiffs'  rights
by  failing  to  pay  them  compensation  in  excess  of  the
statutory  minimum  wage  in  violation  of  the  New  York  Labor
Law  §§  190-199,  652  and  their  regulations.

63.  Defendants'  failure  to  pay  compensation  in  excess
of  the  statutory  minimum  wage  was  willful,  and  lacked  a
good  faith  basis,  within  the  meaning  of  New  York  Labor  Law
§  198,  §  663  and  supporting  regulations.

64.  Due  to  defendants'  New  York  Labor  Law  violations,
plaintiffs  are  entitled  to  recover  from  defendants  their

unpaid   compensation,   liquidated   damages,   interest,
reasonable attorneys' fees, and costs and disbursements of
the action, pursuant to New York Labor Law § 198, and §
663(1).

**COUNT III**

**(Fair Labor Standards Act - Overtime)**

65. Plaintiffs, on behalf of themselves and all
Collective   Action   Members,   repeat,   reallege,   and
incorporate by reference the foregoing allegations as if
set forth fully and again herein.

66. At all relevant times, defendants employed
plaintiffs and each of the Collective Action Members within
the meaning of the FLSA.

67. At all relevant times, defendants had a policy
and practice of refusing to pay overtime compensation to
their employees for hours they worked in excess of forty
hours per workweek.

68. As a result of defendants' willful failure to
compensate their employees, including plaintiffs and the
Collective Action Members, at a rate at least one-and-one-
half times the regular rate of pay for work performed in
excess of forty hours per workweek, defendants have
violated, and continue to violate, the FLSA, 29 U.S.C. §§
201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

14

69.   The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

70.   Due to defendants' FLSA violations, plaintiffs and the Collective Action Members are entitled to recover from defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT IV

### (New York Labor Law - Overtime)

71.   Plaintiffs repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

72.   At all relevant times, plaintiffs were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

73.   Defendants willfully violated plaintiffs' rights by failing to pay them overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R. § 146.

74.  Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

75.  Due to defendants' New York Labor Law violations, plaintiffs are entitled to recover from defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT V

### (New York Labor Law – Spread of Hours)

76.  Plaintiffs repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

77.  At all relevant times, plaintiffs were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

78.  Defendants willfully violated plaintiffs' rights by failing to pay them an additional hour's pay at the minimum wage for each day they worked more than ten hours, in violation of the New York Labor Law §§ 650 *et seq.* and its regulations in 12 N.Y.C.R.R. § 146-1.6.

79.  Defendants' failure to pay the "spread of hours" premium was willful, and lacked a good faith basis, within

the meaning of New York Labor Law § 198, § 663 and supporting regulations.

80.  Due to defendants' New York Labor Law violations, plaintiffs are entitled to recover from defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

### COUNT VI

### (New York Labor Law – Unlawful deductions)

81.  Plaintiffs repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

82.  At all relevant times, plaintiffs were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

83.  Plaintiffs were required to incur various expenses on behalf of defendants in the course of their employment.

84.  Defendants failed to reimburse plaintiffs for these expenses.

85.  These failures to reimburse plaintiffs constitute *de facto* deductions from wages.

86.  These *de facto* deductions were not for the benefit of plaintiffs and are not among the legitimate deductions authorized by New York Labor Law § 193.

87.  Moreover, these unreimbursed expenses brought plaintiffs' wages below the minimum wage, in violation of 12 N.Y.C.R.R. § 146-2.7(c).

88.  As a result, defendants have violated New York Labor Law.

89.  These violations were willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

90.  Due to defendants' New York Labor Law violations, plaintiffs are entitled to recover from defendants compensation for these unreimbursed expenses, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action.

### COUNT VII

### (New York Labor Law — Wage Theft Prevention Act)

91.  Plaintiffs repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

92.  At all relevant times, plaintiffs were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

18

93.   Defendants willfully violated plaintiffs' rights by failing to provide them with the wage notices required by the Wage Theft Prevention Act when they were hired, or at any time thereafter.

94.   Defendants willfully violated plaintiffs' rights by failing to provide them with weekly wage statements required by the Wage Theft Prevention Act at any time during their employment.

95.   Due to defendants' New York Labor Law violations relating to the failure to provide paystubs, plaintiffs are entitled to recover from the defendants statutory damages of $250 per day through the end of their employment, up to the maximum statutory damages.

96.   Due to defendants' New York Labor Law violations relating to the failure to provide wage notices, plaintiffs are entitled to recover from the defendants statutory damages of $50 per day through the end of their employment, up to the maximum statutory damages.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs respectfully request that this Court grant the following relief:

a.  Designation of this action as a collective action on behalf of the Collective Action

Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing plaintiffs and their counsel to represent the Collective Action members;

b.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

c.  An injunction against defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

d.  A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

e.  Compensatory damages for failure to pay the minimum wage pursuant to the FLSA and New York Labor Law;

f.  An award of liquidated damages as a result of defendants' willful failure to pay the statutory minimum wage and overtime compensation pursuant to 29 U.S.C. § 216;

g.  Compensatory damages for failure to pay the "spread of hours" premiums required by New York Labor Law;

h.  Compensation for monies deducted from plaintiffs' pay via unreimbursed expenses in violation of New York Labor Law;

i.  Liquidated damages for defendants' New York Labor Law violations;

j.  Statutory damages for defendants' violation of the New York Wage Theft Prevention Act;

k.  Back pay;

l.  Punitive damages;

m.  An award of prejudgment and postjudgment interest;

n. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

o. Such other, further, and different relief as this Court deems just and proper.

Dated:  July 11, 2016

_____
David Stein
SAMUEL & STEIN
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884

Attorneys for Plaintiffs

# EXHIBIT A

## CONSENT TO JOIN FORM

## CONSENT TO SUE UNDER FEDERAL FAIR AND LABOR STANDARDS ACT (FLSA)

I am an employee currently or formerly employed by <u>A PLUS KITCHEN INC.</u> and/or related entities/individuals. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Retainer Agreement signed by the named plaintiff in this case:

To opt into this collective action, fill out this form and mail, fax, or e-mail it to:
Law Offices of Vincent S. Wong
39 East Broadway, Suite 306
New York, NY 10002
Fax:  212-349-6599
vswlaw@gmail.com

<u>GUANGPING ZHU_____</u>
Full Legal Name (Print)

*Guang ping zhu*
Signature

04/05/2016
Date

**Further Information Regarding The Consent To Join Form**

Please fill out this sheet of information, so that I, your attorney, may reach you in the future to provide updates regarding the progression of the lawsuit, and so that we can give you your share of any money that is recovered (if any) from the defendant on your behalf.

## CONSENT TO JOIN FORM

## CONSENT TO SUE UNDER FEDERAL FAIR AND LABOR STANDARDS ACT (FLSA)

I am an employee currently or formerly employed by <u>A PLUS KITCHEN INC.</u> and/or related entities/individuals. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Retainer Agreement signed by the named plaintiff in this case:

To opt into this collective action, fill out this form and mail, fax, or e-mail it to:
Law Offices of Vincent S. Wong
39 East Broadway, Suite 306
New York, NY 10002
Fax:  212-349-6599
vswlaw@gmail.com

<u>CHI HOW CHEUNG</u>
Full Legal Name (Print)

*Chi How Chg*
Signature

3/28/16
Date

**Further Information Regarding The Consent To Join Form**

Please fill out this sheet of information, so that I, your attorney, may reach you in the future to provide updates regarding the progression of the lawsuit, and so that we can give you your share of any money that is recovered (if any) from the defendant on your behalf.